LUCIEN H. ALEXANDER v. PETER THOMPSON and Others.[1]

April 12, 1907.

Nos. 15,115—(37).

**Judgment not Res Judicata.**

> Action to determine adverse claims to real estate, in which plaintiff claimed title by virtue of a mortgage foreclosure sale and the defendant by virtue of a judgment and execution sale thereunder. *Held*, that the judgment, the terms of which are referred to in the opinion, is not res judicata of the question whether the plaintiff's mortgage or the defendant's judgment was the paramount lien, and, further, that the evidence sustains the findings of the trial court to the effect that the plaintiff was the owner of the land.

Appeal by defendant Peter Thompson from a judgment of the district court for Nobles county, entered pursuant to the findings and order of Quinn, J., acting for the judge of the Thirteenth judicial district. Affirmed.

*Town & Jones,* for appellant.

*Geo. W. Wilson & Son,* for respondent.

START, C. J.

Action to determine adverse claims to real estate. The complaint alleged that the plaintiff was the owner in fee of the land therein described, that it was vacant and unoccupied, and that the defendants claimed an estate or interest therein adverse to the plaintiff. The answer of the defendant Peter Thompson denied that the plaintiff was the owner of the land and alleged title in himself. The trial court found that the plaintiff was the owner in fee of the land, that none of the defendants had any interest therein, and directed judgment accordingly. The defendant Thompson appealed from the judgment.

The sole question is whether the finding of the trial court that the plaintiff was the owner in fee of the land is sustained by the evidence. There is no substantial dispute as to the evidentiary facts, but the dispute arises as to the inferences of fact and law to be drawn therefrom.

[1]Reported in 111 N. W. 385.

Such facts are substantially as follows: On February 13, 1888, the record title in fee of the land was in George J. Day, and so remained until June 15, 1888, when he conveyed it by warranty deed to Olaf Noren, who gave a mortgage thereon to secure a loan to the plaintiff. This mortgage was duly foreclosed, and the land sold to the plaintiff by virtue thereof. No redemption was ever made from the foreclosure sale. The deed and mortgage were duly recorded on July 3, 1888. Thereafter, and on July 25, 1888, the defendant brought an action in the district court of the county of Nobles, in which he was plaintiff and George J. Day, George S. Capelle, and John Alexander were defendants, to dissolve a partnership theretofore existing between himself and Day, and to secure an accounting of the business of the firm and a judgment in his favor against Day for the amount found due to him on such accounting, and to have the amount thereof declared to be a lien on certain land, which was described in the complaint and included the land here in controversy, and, further, to have canceled two mortgages on the land given by Day, one to the defendant Capelle and the other to the defendant Alexander. The plaintiff herein was not originally a party to the action, but during its progress a supplemental complaint was filed, alleging that Thompson had given two vouchers or duebills to Day, which grew out of the partnership matters, one for $1,050, and the other for $1,631.41, which had been transferred by Day to Lucien H. Alexander (the plaintiff) without consideration, and praying judgment against him that the vouchers be surrendered up and canceled. Lucien H. Alexander answered the supplemental complaint. The cause was tried, and the court directed judgment against Day in favor of Thompson for $53,464.74, and that the judgment be made an equitable lien on the land described in the complaint as of February 13, 1888, and further directed judgment against Lucien H. Alexander that the two vouchers be surrendered for cancellation. Judgment was so entered. An execution against Day was duly issued on this judgment, and the land in question sold by virtue thereof on October 9, 1898, to Peter Thompson, the defendant herein. No redemption was ever made from this sale.

Do these facts show that the lien of the defendant's judgment was paramount to the lien of the plaintiff's mortgage? The defendant claims that the question must be answered in the affirmative, because

the judgment is res judicata of the question in his favor. It is true, as claimed, that a judgment rendered on the merits is conclusive between the parties to the action, not only as to matters actually presented and submitted for decision, but also as to every other matter at issue by the pleadings which might have been litigated. Testing the judgment in the case of Thompson v. Day by this rule, it is clear that it is not res judicata of the question whether the plaintiff's mortgage or the defendant's judgment was the paramount lien on the land, for there was no such issue in that case, and, further, the judgment by its terms establishes Thompson's lien on the land as of February 13, 1888, only as against Day.

The plaintiff herein was brought into the Thompson-Day action by a supplemental complaint for the purpose only of securing a cancellation of the vouchers, which were an incident to the settlement of the partnership accounts. This was the only issue tendered. No claim was made in the pleadings that either the plaintiff or his mortgagor had any notice of the alleged equitable lien of Thompson. Nor did Thompson in any manner by his pleadings refer to, mention, or challenge the recorded deed and mortgage under which the plaintiff claims title to the land. Such being the case, all the plaintiff was required to do was to answer the supplemental complaint. He was not bound to file a cross-bill to establish his recorded mortgage lien which no one questioned. There being no evidence or claim in this case that the plaintiff had in fact any notice of the defendant's equities against Day when he received his mortgage, and the judgment not being res judicata, it follows that the mortgage was the paramount lien, and that the findings of the trial court are fully sustained by the evidence.

Judgment affirmed.