ESTHER ROTHENBERG and JEROME ROTHENBERG, complain-ants-appellants,

v.

FRANKLIN WASHINGTON TRUST COMPANY et al., defendants-respondents.

[Argued October 23d and 24th, 1940.  Decided May 1st, 1941.]

*Mr. Bernard Mindes* and *Mr. Israel B. Greene,* for the complainants-appellants.

*Mr. Milton M. Unger,* for the respondent Franklin Washington Trust Company.

*Mr. Emil A. Trautmann, Jr.,* for the respondent Franklin Mortgage and Title Guaranty Co.

*Mr. Harry Schaffer,* for the guardian *ad litem,* Samuel A. Rothenberg, Jr., an infant, and individually, *pro se.*

The opinion of the court was delivered by

PARKER, J.

The decree dismissing the bill with costs as regards the complainant Esther Rothenberg will be affirmed, for the reasons set forth in the opinion of Vice-Chancellor Fielder.

As regards the complainant Jerome Rothenberg, who was an infant at the time of the mortgage investments discussed in the opinion below, and who challenged them in due season after coming of age, we conclude that he was not estopped by failing to disavow them, nor was his brother, the defendant-appellant Samuel Rothenberg, who was still an infant at the time of filing the bill in this cause. Infants are not, as a general rule, chargeable with laches. *Scheel* v. *Jacobson, 112 N. J. Eq. 265.* Where there are infant *cestuis que trust,* and the trustee desires to account by a court proceeding in such wise as to conclude them by a decree, settled rules of practice require that an infant *cestui* be represented by a guardian *ad litem* appointed by the court, and where the propriety of investments by the trustee is to be adjudged, there be a full inquiry into and disclosure of the facts, on which the court may rule. In this case there was·a court accounting in 1935, a guardian *ad litem* was in fact appointed, and what was

called an account was submitted, listing certain mortgages as investments: but not in any such form as even to suggest any question as to propriety of the purchase of mortgages from an affiliate company. It may be conceded for present purposes that if the Trust Company had incorporated in its petition for the accounting, or perhaps within the accounting itself, a statement, not merely of the investment in mortgage securities sold by the Mortgage Company, but that the Mortgage Company was an affiliate of the Trust Company, and had prayed for an approval of those investments, an issue would then have been raised, and the minors coming in by a guardian *ad litem,* thus having the question directly presented and having notice and taking no steps thereon, might well be bound by a court decree of approval. But that did not happen. The petition contains this line item in the list of assets: "Guaranteed mortgages of Franklin Mortgage and Title Company $219,919.35." That does not convey the information that Franklin Mortgage and Title Company is an affiliate of the trustee. Still less does the list of guaranteed mortgages purchased. And nowhere in the account is there anything to call attention to the fact that the seller of the mortgages to the Trust Company was an affiliate corporation with an interlocking directorate.

So far, therefore, as relates to Jerome and Samuel Rothenberg, the decree under review will be reversed with directions to ascertain and enforce the rights of Jerome and Samuel without regard to defenses of laches or estoppel.

This result will require a reversal of the award of the court below of counsel fees to the two companies, and a reconsideration of the claim of Harry Schaffer, guardian *ad litem* of Samuel Rothenberg, to a counsel fee for his services as such guardian, and to allowance for a fee to an accountant of $750, and minor expenses of $33.05. We presume that a substantial reason for the disallowance of these latter items was that the decision below was adverse to Samuel, and in favor of the companies. That decision being now reversed, the application must be further considered in the light of such reversal. It would seem that Samuel is entitled to costs: and as the accountant was engaged by special leave of the

court, it would seem further that a reasonable allowance for the services of that accountant should be made. The matter of a counsel fee for Samuel is by the statute committed to the discretion of the Court of Chancery, and may appropriately be dealt with by that court once more in view of the altered situation. To that end, let the *remittitur* provide for such further consideration of the application, both as regards the counsel fee and allowance to the accountant.

No. 228—

*For reversal*—HEHER, WELLS, JJ. 2.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

No. 232—

*For affirmance*—WELLS, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

No. 233—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.