**In re CONSERVATORSHIP/GUARDIANSHIP OF Adelaide ROBINSON, Conservatee.**

No. C4–87–73.

Court of Appeals of Minnesota.

July 21, 1987.

Felix A. Mannella, Babcock, Locher, Nielson & Mannella, Blaine, for appellant Joseph D. Moriarty.

Mary G. Dobbins, Holmes & Graven, Minneapolis, for guardian/conservator Mary Smith.

Heard, considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

The trial court issued two orders allowing and settling the second and third annual accounts submitted by co-guardian/conservator, appellant, Joseph Moriarty. On appeal, Moriarty argues that the trial court erred in settling the accounts contingent

that guardian/conservator fees not be charged. We affirm as modified.

## FACTS

Joseph Moriarty and Mary Smith were appointed as co-guardians/conservators for Adelaide Robinson on April 15, 1983. Moriarty was assigned certain duties concerning the handling of financial matters, and the court ordered him to file an interim account covering the first six months of the guardianship. The account was filed on November 16, 1983, and was approved by the court.

Moriarty filed the first annual account on May 15, 1984, and hearings were held on June 14, 1984, and March 20 and April 20, 1985. He filed the second annual account on May 15, 1985, and a hearing was held on July 18, 1985. The third annual account was filed on May 14, 1986, but a hearing was not held.

On December 12, 1986, the court issued two orders stating that the matter had come on before the court on that date, although the court acknowledged in approving a statement of proceedings under Minn.R.Civ.App.P. 110.03 that a hearing was not held on that date.[1] One order approved the second annual account, and the second order approved the third annual account. Both orders state that the annual account "is hereby finally settled and allowed, contingent that guardian-conservator fees not to be charged."

Moriarty does not contest the portion of the orders approving and settling the annual accounts. He does, however, challenge the contingency clause relating to guardian/conservator fees. Neither Moriarty nor Smith have been paid or have applied for fees, although Smith was reimbursed for mileage one year. None of the hearings held on the previous annual accounts in-

---

1. Moriarty does not raise as an issue the failure to hold a hearing on the third annual account prior to issuance of the court's order approving the account. We therefore will not address the procedure followed by the court, but we do note that Minn.Stat. § 525.58, subd. 1 (1986) states that examination and acceptance of the account shall not constitute an adjudication or determination of the merits of the account. Section 525.581 allows the court to conduct a hearing on the account, and section 525.582(a) provides that the guardian shall be examined at the hearing. Under section 525.582(a), an adjudication that an account is "settled and allowed" can occur only after a hearing is conducted.

cluded testimony on fees. Moriarty intends to apply for fees in the future, either prior to or at the time of the final account.

## ISSUE

Did the court have jurisdiction to attach a contingency regarding guardian/conservator fees to orders settling and allowing the annual accounts?

## ANALYSIS

The trial court does not explain its reasoning in attaching the contingency to its orders, although the effect of the contingency would be to deny fees to the co-guardians/conservators for the periods covered by the annual accounts or alternatively to jeopardize the finality of the orders approving and settling those accounts. Had fees been requested, the court would have had discretion either to order or to deny reimbursement or reasonable compensation. *See* Minn.Stat. § 525.703, subd. 3 (1986). However, here fees were not requested and were not part of the accounting.

In addressing the court's jurisdiction in accounting matters, the supreme court has stated:

> The matters determined in an action or judicial proceeding are the questions decided in determining the issues raised by the conflicting claims of the parties. * * *
>
> In [an] accounting, the "matters" involved include the transactions set forth in the * * * account and the petition for the allowance thereof and the objections thereto, if any. * * * The issues are framed by the account and the petition and the objections thereto as the pleadings in the accounting proceeding. * * * [T]he court had jurisdiction to determine only the questions thus raised.

*In re Enger's Will,* 225 Minn. 229, 238–39, 30 N.W.2d 694, 701 (1948).

Because guardian/conservator fees were not placed in issue by the account and were not otherwise raised for consideration, the trial court reached an issue not before it when it addressed such fees. Thus, the trial court was without jurisdiction to attach to its orders approving and settling the annual accounts the contingency that guardian/conservator fees not be charged. We therefore strike the contingency clause regarding the fees from the orders and affirm the orders as modified.

## DECISION

The trial court exceeded its jurisdiction in attaching a contingency regarding guardian/conservator fees to its orders approving the annual accounts. Therefore, the contingency clause is struck from the orders.

Affirmed as modified.