MARY O'NEIL *vs.* JOHN O'NEIL and others.

November 24, 1882.

**Fraud in obtaining Deed—Evidence.**—Facts considered, and a judgment against plaintiff in an action to set aside a conveyance of real estate, alleged to have been procured by fraud and undue influence, sustained.

Appeal by plaintiff from a judgment of the district court for Ramsey county, where the action was tried before *Brill*, J., without a jury.

*S. L. Pierce*, for appellant.

*Warren H. Mead*, for respondents.

GILFILLAN, C. J. This action is to set aside a deed conveying a farm from plaintiff to defendants. The plaintiff is the mother of

v.30—3

defendants. The complaint alleges that, at the time of executing the deed, plaintiff was infirm in body and mind from age and disease; that at that time, and for a long time before, the defendant Dennis lived with her and was her adviser, and had the management and control of her property and business; and that, by reason thereof, he at all times possessed an undue influence over her, and she was not free to act according to her own judgment in the management of her property, and did not so act, but was induced by him to act in relation thereto, as he desired and directed; that she is illiterate and unable to write; that, taking advantage of his undue influence over her, and fraudulently intending to deprive her of the land, he induced her to affix her mark to the deed; that she had no knowledge of its contents, never intended to execute it, and did not voluntarily sign or acknowledge it, and that she never in fact delivered it, and that it was without consideration.

The court found as facts that she was illiterate, but vigorous in body, and "in possession of her mental faculties." In view of the issues, this last phrase must be understood to be a finding that she was not mentally infirm, and in this view the evidence fully sustains the finding. The court also found in substance that since 1876, (the deed having been made in 1881,) it was the understanding between the parties that defendants should contribute to the improvement of the land, and the support of the plaintiff, and carry on the farm, and that the land should become theirs prior to the making of said deed; that the improvements were mainly made by them, and the work of carrying on the farm done by them; that they contributed about $1,500 to the improvement of the land, paid the taxes amounting to $125, and since July, 1878, paid the interest (10 per cent. per annum) on a $600 mortgage on the farm; (upon the conveyance to them they assumed to pay this mortgage;) that the farm was worth $3,500; that the deed was made in recognition of this understanding, and in consideration of the sums contributed, improvements made, and work done, an annuity of $60 to plaintiff stipulated in the deed, the assumption of the mortgage, and the love and affection of plaintiff for defendants; that during all such times the relations between the parties were pleasant, the usual relations between parent

and children existing; that they mutually consulted with each other concerning the business of the farm, treated the same as a matter of common interest among them, and plaintiff had confidence in defendants. The farm was the family residence (except for about two years) since 1872, and it was the understanding of all the parties that plaintiff was to have her home on the farm with defendants. Save as specifically found, the allegations in the pleadings were found to be untrue; and, as a conclusion of law, the court determined the deed to be valid.

The findings of fact are fully sustained by the evidence; and the evidence also clearly shows that plaintiff was a woman of at least ordinary mental power, self-reliant, and indeed disposed to control in her family; that the defendants have no undue influence over her; that she executed the deed with a full understanding of its character and effect; and that, in view of the understanding between the parties since 1876, and what the defendants had done pursuant to it, there was nothing unfair in the transaction.

Judgment affirmed.