## LENA BENTSON v. EDITH A. ELLENSTEIN AND ANOTHER.
## BERNICE B. COTLOW, INTERVENER.[1]

June 11, 1943.

No. 33,471.

*Louis H. Joss* and *M. E. Culhane,* for appellant Lena Bentson.
*Joseph L. Nathanson,* for appellant Bernice B. Cotlow.
*Kingman, Cross, Morley, Cant & Taylor* and *Harry E. Howlett,* for respondent.

LORING, JUSTICE.

Plaintiff, as devisee under the will of Bird Bentson Waixel, deceased, brought this action to vacate and annul certain deeds made

[1]Reported in 10 N. W. (2d) 282.

by decedent purporting to convey a joint one-half interest in certain real estate through a conduit of title to defendant Edith A. Ellenstein. These deeds were executed and delivered after decedent had made her will devising such real estate to the plaintiff and others. Relief was sought on the ground of fraud and undue influence, plaintiff relying largely upon the fact that the defendant Edith A. Ellenstein had charge of Mrs. Waixel's property and affairs, to a great extent looked after her personal wants, and was in effect her confidential agent and manager. The trial court made findings of mental competency on the part of decedent and that, notwithstanding her physical ailments, she was able to and did comprehend and understand the nature and extent of her property and the effect of her action in placing the real estate here in controversy in joint tenancy between herself and the defendant Edith. It also found that there was no fraud or undue influence practiced upon her. These findings are amply sustained by the evidence, which leaves the plaintiff relying upon the contention that the fiduciary relationship between Edith and the deceased was of such character that, as a matter of law, it conclusively vitiated the transaction and that rescission thereof must be granted by the court notwithstanding its well supported findings.

The general rule appears to be that the mere existence of a confidential relationship does not, as a matter of law, operate to bar the right of a beneficiary to receive a gift. If the donor was at the time of sound mind and clearly understood the transaction and exercised a free will in the act, being under no restraint or undue influence, such gift will be supported. 28 C. J., Gifts, p. 653, § 51; 24 Am. Jur., Gifts, pp. 756-7, § 49. The fact that such a confidential and fiduciary relationship was present in this case was a matter to be considered by the trier of fact, along with other evidence, but it is not conclusive against the donee, though all such transactions are carefully scrutinized by a court of equity. As said in Ralston v. Turpin, 129 U. S. 663, 674, 675, 9 S. Ct. 420, 424, 32 L. ed. 747, 751, where the court had under consideration a relationship similar to that in the case at bar:

"The agent is bound to act with absolute good faith toward the principal in respect to every matter entrusted to his care and management. In accepting a gift from his principal he is under an obligation to withhold no information in his possession respecting the subject of the gift, or the condition of the estate in his hands, which good faith requires to be disclosed, or that may reasonably influence the judgment of the principal in making the gift. All transactions between them whereby the agent derives advantages beyond legitimate compensation for his services will be closely examined by courts of equity, and set aside if there be any ground to suppose that he has abused the confidence reposed in him. * * *

"We do not intend to qualify or weaken, in any degree, these salutary doctrines. Their recognition, however, does not determine the present case, unless it be held that a principal cannot, under any circumstances whatever, make a valid gift to his agent of property committed to the latter's care or management. No such doctrine has ever been established, nor could it be, without impairing the natural right of an owner to make such disposition of his property as he may think would best subserve his interest and comfort or gratify his feelings."

In the case of Woodbury v. Woodbury, 141 Mass. 329, 331, 5 N. E. 275, 278, 55 Am. R. 479, the court approved the following language:

"The mere existence of such a confidential relation does not, as matter of law, operate to bar the right of the beneficiary to receive such a bounty. If the donor was, at the time, of sound mind, and clearly understood the transaction, and exercised a free will in the act, under no restraint or undue influence, such gift will be supported."

To the same effect is Uhlich v. Muhlke, 61 Ill. 499. Although this court has never before directly passed upon this question, it has recognized the validity of a gift between persons in varying degrees of confidential relationship. O'Neil v. O'Neil, 30 Minn. 33, 14 N. W. 59; In re Estate of Miller, 180 Minn. 70, 230 N. W. 275; Boynton v. Simmons, 156 Minn. 144, 194 N. W. 330.

Appellants contend that on account of public policy undue influence will be conclusively presumed from the relation itself when the parties stand in confidential relationship to each other, citing Ashton v. Thompson, 32 Minn. 25, 18 N. W. 918; Shevlin v. Shevlin, 96 Minn. 398, 105 N. W. 257. See annotation in 11 A. L. R. 735. In Shaughnessy v. Shaughnessy, 135 Minn. 262, 267, 160 N. W. 769, 771, we said:

"While proof of confidential relationship under certain circumstances gives rise to a presumption, or more accurately, perhaps, to an inference of undue influence exerted by the one benefited by the transaction, we take it the jury is not compelled to accept the presumption or inference as sufficient to establish undue influence as a fact. * * * 'So-called presumptions of fact are not "rules of law" at all, but are mere logical inferences which a court or jury may draw, but is not bound to draw. They do not make out a *prima facie* case or shift the burden of proof, as presumptions of law do.'"

And in Boynton v. Simmons, 156 Minn. 144, 147, 194 N. W. 330:

"The court did not say that the existence of a confidential relation raised a legal presumption of undue influence; that is, that the law presumed undue influence from the confidential relation. Manifestly such a statement would be error. But no more does a confidential relation alone and of itself, unsupported by other probative facts, justify an inference or presumption, considered as one of fact, that the making of a will is the result of undue influence. A gift by will or a gift *inter vivos* may be the natural result of a confidential relation." (Italics supplied.)

Such an evidentiary inference, arising from confidential relations, does not shift the burden of proof. Shaughnessy v. Shaughnessy, *supra;* Ryan v. Metropolitan L. Ins. Co. 206 Minn. 562, 289 N. W. 557. In fact, it is more accurate to state that all presumptions are those of law and that, when we leave law for fact, it is better to speak of inference, or deduction, or mere argument rather than presumption. While a "presumption" may shift the burden of going forward with the evidence, the burden of proof does not shift.

Ryan v. Metropolitan L. Ins. Co. *supra.* This whole subject was so thoroughly considered in the Ryan case that it would be a work of supererogation to discuss it further.

■ Appellants earnestly contend that the absence of independent, disinterested advice to decedent is controlling against defendant. We do not so regard it. There was evidence that decedent discussed the transaction with her doctor; but, even if she did not, the finding of no undue influence is still sustained and is controlling. Ashton v. Thompson, 32 Minn. 25, 18 N. W. 918, *supra.* In this case there was ample evidence to support the court's finding that the deeds were not procured by undue influence and were the free act of the donor. There is no reason to believe that the trial court did not consider the inferences to be drawn from the relationship existing between the parties.

Judgment affirmed.