Vance F. GELLERT, Respondent,

Carl A. Gellert, Respondent,

v.

Lilli Ann EGINTON, et al., Defendants,

Charles W. Eginton, Appellant.

No. A08–1696.

Court of Appeals of Minnesota.

Aug. 4, 2009.

Mark S. Genereux, Genereux Law Office, and Karen L. Tarrant, Mary E. Drummer, Tarrant, Drummer & Liska, PLLC, St. Paul, MN, for respondents.

Robert A. McLeod, Marnie L. DeWall, Amy R. Mason, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, for appellant.

Considered and decided by
SCHELLHAS, Presiding Judge; ROSS, Judge; and LARKIN, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant argues that the district court clearly erred by finding that the decedent was without capacity when she executed a gift deed of St. Paul real estate to defendant. Appellant also challenges the district court's grant of respondents' motion for attorney fees, contending that the district court's reliance on Minn.Stat. § 524.3–720 was improper. We affirm.

## FACTS

After Marie M. Moldenhauer, the decedent, broke her hip at her St. Paul residence, she moved into Maplewood's Good Samaritan Nursing Home. In February 2001, the same month of her arrival, nursing-home personnel informed decedent's family that a conservator must be appointed for decedent because she was suffering from diminished capacity. In April 2001 a conservatorship hearing was held; none of decedent's family members contested the need for conservatorship; and defendant Lilli Ann Eginton (Ms. Eginton), decedent's daughter, was appointed conservator. Decedent was transferred to St. Paul's Church Home and returned to her St. Paul residence in November 2001. In December 2001 Ms. Eginton was removed as conservator of the estate and a neutral conservator was appointed.

Ms. Eginton provided primary care to decedent for the first month after her return home and then hired Luz Gomez to stay with decedent during the day, with a rotating staff to provide decedent nighttime care.

On June 17, 2003, Ms. Eginton and Paul Leutgeb, the attorney for both Ms. Eginton's immediate family and decedent, filed a petition to restore decedent to capacity so that she could make provisions for her care and manage her property. To support the petition, Ms. Eginton and Leutgeb produced medical assessments of decedent from Drs. Valerie Evje and Shepherd Myers. Dr. Evje examined decedent in January 2003 and, at Leutgeb's request, prepared a letter in support of decedent's restoration to capacity. Dr. Myers reported in March 2003 that decedent had the capacity to make decisions regarding her personal care and finances. A hearing on the petition to restore decedent to capacity was scheduled for July 28, 2003.

On July 12, 2003, in anticipation of the July 28 hearing, Mary Davies, a neutral court visitor employed by the Dakota County Probate Court, assessed decedent's level of functioning. Davies's report indicates that decedent was suffering from dementia in July 2003.

> [Decedent] exhibits extreme short term memory loss—unable to identify the year, remember that she had fractured her hip and had been out of her home for quite some time. Additionally she was unable to recall any of the three items she had been given within five minutes of being told the items and repeating the items. She was also unable to recall that she had been given the items to remember. She was unable to recall the names of her onsite staff or the names of her grandchildren. When asked what number she would dial on her phone for emergency assistance she stated '511.'

The hearing on the petition to restore decedent to capacity was not attended by respondents Vance F. Gellert and Carl A. Gellert, decedent's sons, because they did not receive notice of the hearing. Unaware of this circumstance, the district court ordered that decedent be restored to capacity. One week later, on August 4, 2003, in the presence of only Ms. Eginton and Leutgeb, decedent executed a gift deed conveying decedent's St. Paul real

estate to Ms. Eginton and herself in joint tenancy. Leutgeb kept the deed for "safekeeping" but did not record it. On September 5, 2003, decedent executed a will, prepared by Leutgeb, making a specific bequest of the St. Paul real estate to Ms. Eginton.

In the spring of 2004, when respondent Vance Gellert learned that the district court had restored decedent to capacity in July 2003, he filed a petition for appointment of a conservator and guardian of decedent. Then, due to an apparent mistake, respondent Vance Gellert did not appear at the hearing in September 2004, and Ms. Eginton was appointed conservator and guardian for decedent, a role she maintained until decedent's death in October 2006.

In November 2006 Ms. Eginton filed a petition for formal probate of the will, and a probate trial was held in August 2007. Despite Dr. Evje's letter supporting decedent's return to capacity in January 2003, Dr. Evje testified at trial that she believed that decedent's mental functioning had declined by July 2003, based on decedent's ongoing dementia, Dr. Evje's recollection of an office visit with decedent in July 2003, and Dr. Evje's review of Davies's report from July 2003. Dr. Evje further testified that she would have been uncomfortable writing a report supporting the restoration to capacity in July 2003.

Dr. Myers testified and concluded that, after reviewing decedent's entire medical chart and Davies's report, decedent's dementia was progressive and that his March 2003 report was based on inaccurate or misleading information furnished by family members. The district court determined that decedent lacked capacity to execute a will in September 2003 and ordered that the probate of decedent's estate proceed under the laws of intestate succession. Appellant Charles W. Eginton, Ms. Egin-

ton's husband, sought review by this court of the district court order, and we affirmed in *In re Estate of Moldenhauer*, No. A08–263, 2009 WL 173867 (Minn.App. Jan. 27, 2009). We concluded that the district court's lack-of-capacity finding was supported by the evidence and that the district court properly considered decedent's history of dementia together with relevant evidence in making its capacity finding. *Id.* at *1–2.

Respondents first learned of the existence of the August 4, 2003 gift deed when Leutgeb disclosed the deed during discovery in the probate contest of decedent's will. In April 2007 respondents commenced this civil action, contesting the validity of the gift deed and attempting to recover the St. Paul real estate for the benefit of decedent's estate. After the will-contest trial in August 2007, the probate court appointed Christopher Lehmann as personal representative of decedent's estate. Respondents asked Lehmann to undertake the prosecution of action to recover the St. Paul real estate. Lehmann asked the district court for guidance regarding respondents' request, and the district court ordered that Lehmann not assume respondents' role as plaintiffs in the civil action. The civil action was tried in February 2008. By stipulation, all of the evidence in the probate will-contest was admitted in the February 2008 trial. Additionally, Ms. Eginton and Leutgeb testified about their beliefs as to decedent's capacity to execute the deed on August 4, 2003.

In May 2008 the district court ordered that the purported gift deed was invalid because (1) decedent lacked capacity to execute the deed on August 4, 2003, and (2) delivery of the deed was not proved by clear and convincing evidence.

In July 2008 respondents moved for an award of attorney fees from decedent's

estate. Finding that the attorney fees were "just, reasonable and commensurate with the benefit to the estate that was obtained," the district court awarded respondents fees in the amount of $41,637.20, pursuant to Minn.Stat. § 524.3–720 (2006). This appeal follows.

## ISSUES

1. Did the district court clearly err in finding that decedent lacked capacity to execute the gift deed?

2. Did the district court err in granting respondents' motion for attorney fees, pursuant to Minn.Stat. § 524.3–720?

## ANALYSIS

### I

■ Before addressing the arguments, we first address respondents' motion to strike a letter submitted to this court by appellant to correct his reply brief. In his reply brief, appellant cited to a page in respondents' brief that references the district court's November 2007 order and stated that on November 20, 2007, the district court ordered the personal representative of decedent's estate not to pursue, on behalf of the estate, any real estate claims that were the subject of the declaratory judgment. In his February 2009 letter to this court, appellant stated that he should not have cited to respondents' brief in his reply brief; rather, he should have cited to the November 2007 order and set forth the pertinent portion of the November 2007 order. Respondents move to strike the February 2009 letter, arguing that the November 2007 order was not part of the appeal record and that the February 2009 letter was unauthorized under Minn. R. Civ.App. P. 128.05. We deny the motion to strike.

The papers filed in the district court, the exhibits, and the transcript of the proceed-ings, if any, shall constitute the record on appeal in all cases. Minn. R. Civ.App. P. 110.01. The November 2007 order is part of the appeal record. We also note that appellant does not cite the November 2007 order as legal authority but rather clarifies that the order is the appropriate citation to the record. Although appellant's February 2009 letter is not authorized under Minn. R. Civ.App. P. 128.05, we routinely accept letters that correct nonsubstantive errors in briefs, and we accept the February 2009 letter as a nonsubstantive correction to a citation in the record contained in appellant's reply brief.

### II

■ Whether a person has capacity to execute a deed is a question of fact. *Rebne v. Rebne,* 216 Minn. 379, 381, 13 N.W.2d 18, 19 (1944); *Younggren v. Younggren,* 556 N.W.2d 228, 234 (Minn.App.1996). And in civil disputes as well as probate disputes, a district court's findings of fact are not set aside unless clearly erroneous. Minn. R. Civ. P. 52.01 (civil disputes); *see In re Estate of Boysen,* 309 N.W.2d 45, 47 (Minn.1981) (applying rule 52.01 in a probate dispute). Under rule 52.01, "[f]indings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn.1999) (quotation omitted). And "[i]f there is reasonable evidence to support the district court's findings, we will not disturb them." *Rogers v. Moore,* 603 N.W.2d 650, 656 (Minn.1999). But whether the findings of fact support a district court's conclusions of law and judgment is a question of law, which we review de novo. *Donovan v. Dixon,* 261 Minn. 455, 460, 113 N.W.2d 432, 435 (1962). Additionally, appellate courts defer to district court credibility

determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988).

Appellant argues that the district court clearly erred in finding that decedent lacked capacity when she executed the gift deed because the district court (1) improperly relied on events that occurred prior to decedent's restoration to capacity in July 2003 and (2) disregarded substantial evidence that established decedent's capacity on August 4, 2003, when the gift deed was executed. We disagree.

■ The donor of a gift must be of sound mind and clearly understand the transaction. *Bentson v. Ellenstein*, 215 Minn. 376, 377, 10 N.W.2d 282, 283 (1943); *see also Rebne*, 216 Minn. at 382, 13 N.W.2d at 20 (stating that a deed may be set aside if the grantor lacks sufficient mental capacity to understand the nature and effect of his or her own actions). A grantor has the capacity to execute an instrument if "she has the ability to understand to a reasonable extent the nature and effect of what she is doing." *State Bank of Cologne v. Schrupp*, 375 N.W.2d 48, 51 (Minn.App.1985), *review denied* (Minn. Dec. 13, 1985). A party seeking to set aside a gift because the donor lacked mental capacity bears the burden of proof and must establish the donor's lack of capacity by clear and convincing evidence. *Sullivan v. Brown*, 225 Minn. 524, 532, 31 N.W.2d 439, 444 (1948).

■ Here, the district court relied on Davies's July 2003 report that indicated that decedent lacked capacity to execute a deed and was only capable of delegating her affairs. The district court also relied on Dr. Evje's testimony that decedent's mental functioning had declined by July 2003. And the district court relied on Dr. Myers's testimony that, after reviewing decedent's entire medical chart and Davies's report, decedent's dementia was progressive. To determine whether decedent was of "sound mind" and "had the ability to understand to a reasonable extent the nature and effect of what she was doing" when she executed the deed in August 2003, the district court properly examined the direct evidence and expert opinion regarding decedent's condition in the month preceding the execution. Here, the evidence is ample that decedent lacked capacity to execute a deed in mid-July of 2003 and that decedent was suffering from progressive dementia.

Moreover, in examining a larger time frame surrounding the gift deed execution, we note that decedent was restored to capacity immediately prior to the gift deed execution, was found incompetent to execute a will that decedent executed only one month after she executed the deed, and was placed under guardianship again one year after executing the gift deed. The timing of these events, as well as the evidence of decedent's condition preceding the gift deed execution, support the district court's finding that decedent lacked capacity to execute the gift deed.

■ Appellant also argues that the district court disregarded substantial evidence that established decedent's capacity on August 4, 2003, including testimony by Ms. Eginton, Leutgeb, Drs. Evje and Myers, Gomez, and decedent's letter to Judge Lacy. But the district court specifically relied on the testimony of Drs. Evje and Myers in determining that decedent lacked capacity and also credited the testimony of Gomez regarding decedent's knowledge of her own financial situation. Gomez testified that decedent needed monthly explanations about her holdings and could not remember that those caring for her were being paid. Moreover, the district court specifically found that the testimony of Ms. Eginton and Leutgeb was not credible. This court defers to

district court credibility determinations. *Sefkow*, 427 N.W.2d at 210. A district court, as finder of fact, is not required to believe even uncontradicted testimony if there are reasonable grounds to doubt its credibility. *Costello v. Johnson*, 265 Minn. 204, 211, 121 N.W.2d 70, 76 (1963); *Varner v. Varner*, 400 N.W.2d 117, 121 (Minn.App. 1987).

The testimony of Drs. Evje and Myers at the February 2008 trial, Davies's July 2003 report, and the events that occurred in the larger time frame surrounding the gift deed execution support the district court's finding that decedent lacked capacity to execute a gift deed in favor of Ms. Eginton one week after decedent's restoration to capacity. We conclude that the district court properly examined the evidence before it and that it did not clearly err in its finding that decedent lacked capacity to execute a gift deed on August 4, 2003.

Because we conclude that the district court did not clearly err in its finding that decedent lacked capacity to execute the gift deed, we need not reach the issue of whether the deed was properly delivered to Ms. Eginton.

### III

■ The district court awarded attorney fees to respondents, pursuant to Minn. Stat. § 524.3–720. Section 524.3–720 states:

Any personal representative or person nominated as personal representative who defends or prosecutes any proceeding in good faith, whether successful or not, or any interested person who successfully opposes the allowance of a will, is entitled to receive from the estate necessary expenses and disbursements including reasonable attorneys' fees incurred. When after demand the personal representative refuses to prosecute or

pursue a claim or asset of the estate or a claim is made against the personal representative on behalf of the estate and any interested person shall then by a separate attorney prosecute or pursue and recover such fund or asset for the benefit of the estate, or when, and to the extent that, the services of an attorney for any interested person contribute to the benefit of the estate, as such, as distinguished from the personal benefit of such person, such attorney shall be paid such compensation from the estate as the court shall deem just and reasonable and commensurate with the benefit to the estate from the recovery so made or from such services.

Minn.Stat. § 524.3–720. Appellant contends that the district court erred in awarding attorney fees to respondents under Minn.Stat. § 524.3–720, arguing that section 524.3–720 applies only to probate proceedings and not civil suits because, by its title, Minn.Stat. § 524.3–720 addresses only "Expenses in Estate Litigation." We disagree.

■ The construction and application of a statute is a question of law, which we review de novo. *Brookfield Trade Ctr. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn.1998). "The headnotes printed in boldface type before sections and subdivisions in editions of Minnesota Statutes are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute." Minn.Stat. § 645.49 (2008). We conclude therefore that, despite the headnote, section 524.3–720 applies to proceedings that fall under its plain language. And under the plain language of section 524.3–720, the statute applies to this case. "When after demand the personal representative refuses to prosecute or pursue a claim or asset of the estate ... and any interested person shall then by a separate attorney prosecute or

pursue and recover such fund or asset for the benefit of the estate," section 524.3–720 allows an award of attorney fees "when, and to the extent that, the services of an attorney for any interested person contribute to the benefit of the estate."

Here, respondents are the "interested parties" who prosecuted and pursued recovery of the real estate allegedly conveyed to Ms. Eginton and decedent in joint tenancy through decedent's execution of the gift deed. Respondents requested that Lehmann, the personal representative, pursue this action and Lehmann refused subsequent to the district court's order. And respondents' successful prosecution of their claim clearly "contribute[d] to the benefit of the estate" because the real estate allegedly conveyed by the gift deed was returned to the estate.

The public policy underlying section 524.3–720 supports its application to the circumstances in this case. *See In re Estate of Baumgartner*, 274 Minn. 337, 345, 144 N.W.2d 574, 579 (1966) (holding, in the context of probate proceedings, that although a substantial amount of legal work was done prior to the appointment of the administrator, it ultimately inured to the benefit of the estate and should be compensated from the estate); *In re Estate of Torgersen*, 711 N.W.2d 545, 555 (Minn. App.2006) (stating that section 524.3–720 contemplates persons who have been nominated as personal representatives in wills that have not been admitted to probate prosecuting or defending will contests and recovering the expenses of that litigation, so long as they act in good faith), *review denied* (Minn. June 20, 2006). In *Torgersen*, this court stated that the policy underlying Minn.Stat. § 524.3–720 recognizes that "a fiduciary acting on behalf of the estate, in good faith, [should be able to] pursue appropriate legal proceedings without having to risk personal financial loss

by underwriting the proceeding's expenses." 711 N.W.2d at 555.

Respondents successfully pursued this claim for the benefit of the estate, and the district court did not clearly err in its finding that the estate benefited. Respondents are entitled to recover their "just and reasonable" attorney fees "commensurate with the benefit to the estate from the recovery so made." Minn.Stat. § 524.3–720. To hold otherwise would result in a windfall for the estate.

Appellant asserts that if Minn.Stat. § 524.3–720 is applied to a civil action like this one, the statute will become a "greatly expanded avenue for pursuing attorneys' fees in all kinds of actions." But, by its plain language, section 524.3–720 applies only to circumstances in which (1) the "interested person" demands that the claim be pursued by the personal representative and the personal representative refuses to do so, (2) the actions of the "interested person" contribute to the benefit of the estate, and (3) the compensation for the attorney fees incurred by the interested person are deemed by the district court to be just and reasonable and commensurate with the benefit to the estate from the recovery so made or from such services. *Id.* Appellant's argument is unavailing.

Appellant also argues that even if the statute applies to matters outside of probate proceedings, respondents are ineligible to receive an award of attorney fees under Minn.Stat. § 524.3–720, because (1) respondents commenced this action before a personal representative was appointed and continued to prosecute the action after the district court ordered the personal representative not to pursue the claim and (2) the language "as distinguished from the personal benefit of such person" requires that the interested persons bringing suit to recapture assets of the estate must never

ultimately benefit from the proceedings. These arguments are also unavailing.

Appellant bases his first argument on the statutory language that

> [w]hen after demand the personal representative refuses to prosecute or pursue a claim or asset of the estate or a claim is made against the personal representative on behalf of the estate and any interested person shall then by a separate attorney prosecute or pursue and recover such fund or asset for the benefit of the estate....

*Id.* We conclude that the language, "any interested person shall then by a separate attorney prosecute or pursue and recover such fund or asset for the benefit of the estate," should be read alone and that the statute did not prohibit respondents from prosecuting and pursuing their claim, regardless of why the personal representative of the estate chose to not prosecute and pursue the action. Although appellant is correct that the district court ordered that the estate "not assume the role of Plaintiff[s] in [the civil action] nor ... pursue the matter on the current Plaintiffs' behalf," the same court subsequently found the prosecution of the civil action to have been in good faith for the benefit of the estate.

Appellant bases his second argument on *Distribs. Supply Co. v. Estate of Shablow,* 253 Minn. 1, 92 N.W.2d 83 (1958) and *In re Estate of Anderson,* 654 N.W.2d 682 (Minn.App.2002), contending that the cases hold that to receive an award of attorney fees under section 524.3–720, "the interested person" cannot personally benefit, along with the estate.

Appellant's reliance on *Shablow* and *Anderson* is misplaced. In *Shablow,* the supreme court determined that it was not an abuse of discretion for the district court to award attorney fees out of decedent's estate because the estate benefitted from the attorney's services. 253 Minn. at 16, 92 N.W.2d at 93. And in *Anderson,* one of the beneficiaries of the estate incurred attorney fees opposing a probate proceeding and litigating a delayed redemption of stock owned by the estate. 654 N.W.2d at 689. This court concluded that because the only benefit from a favorable outcome to the litigation would be to the beneficiary, attorney fees were inappropriate under Minn.Stat. § 524.3–720. *Id.*

Here, as in *Shablow,* respondents incurred attorney fees by recovering property for the estate. And, in contrast to *Anderson,* the benefit of the litigation was a benefit to the *entire estate,* not just to respondents. Each of the estate beneficiaries, including appellant's wife—Ms. Eginton—is entitled to a share of the property that was returned to the estate.

## DECISION

■ We hold that as long as the services of the attorney for the interested person do not contribute solely to the benefit of the interested person, but also contribute to the benefit of the estate, attorney fees are recoverable under section 524.3–720 in an amount deemed by the district court to be "just and reasonable and commensurate with the benefit to the estate from the recovery so made or from such services." On this record, the district court did not clearly err in finding that decedent lacked capacity to execute the gift deed and did not clearly err in finding that the services of respondents' attorney contributed to the benefit of the estate. Therefore, the district court properly awarded respondents attorney fees under Minn.Stat. § 524.3–720.

**Affirmed; motion denied.**