*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-1347**

In the Matter of the Welfare of the Child of: D. L. P. and J. A. P., Parents.

**Filed February 14, 2024
Affirmed
Reyes, Judge**

Chippewa County District Court
File No. 12-JV-22-341

John E. Mack, New London Law, P.A., New London, Minnesota (for appellants D.L.P. and J.A.P.)

Matthew Haugen, Chippewa County Attorney, Montevideo, Minnesota (for respondent Chippewa County Family Services)

Kristi Barber, Willmar, Minnesota (guardian ad litem)

Considered and decided by Reyes, Presiding Judge; Larson, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellant-parents argue that the record is insufficient to support the district court's termination of their parental rights and that the respondent-county should have provided them with reunification services before their parental rights were terminated. We affirm.

**FACTS**

This case concerns one of the children of appellant mother D.L.P. and appellant father J.A.P (the parents). The parents had their first children, twin girls, in 2018. After both daughters suffered injuries, Kandiyohi County filed a petition to terminate the parental

rights (TPR) of the parents. The district court terminated their parental rights to the twins, and this court affirmed. *In re Welfare of Child. of D.L.T.*, Nos. A19-0954, A19-0991, 2019 WL 7049938, at *4 (Minn. App. Dec. 23, 2019).

D.L.P. became pregnant with B.P., the child in this appeal, in 2021. Respondent Chippewa County Family Services (the county) reached out to D.L.P. after receiving a report that she was using recreational cannabis during her pregnancy. B.P. was born in June 2022, and the child's meconium tested positive for THC.[1] The day B.P. was born, the county filed a TPR petition, alleging that the parents were palpably unfit under Minn. Stat. § 260C.301, subd. 1(b)(4) (2022). Although the county provided the parents with drug-testing services while the TPR petition was pending, the parents failed to show up for several tests; for some of the tests the parents did attend, one or both parents tested positive for THC or alcohol.

The district court held a court trial in August and September 2022. At the trial, the county presented evidence that the parents were presumed to be palpably unfit to parent B.P. under Minn. Stat. § 260C.301, subd. 1(b)(4), because their parental rights to the twins had been involuntarily terminated. After the burden to demonstrate parental fitness shifted to the parents, D.L.P., J.A.P., and their then-roommate provided testimony on the steps they had taken to be fit to parent B.P. D.L.P. denied that the injuries to her twin girls were child abuse and stated that the injuries were instead caused by a genetic condition. The

---

[1] THC is "[a] compound . . . obtained from cannabis or made synthetically, that is the primary intoxicant in marijuana." *The American Heritage Dictionary of the English Language* 1803 (5th ed. 2018).

guardian ad litem (GAL) for B.P. testified that, in her opinion, granting the TPR petition was in the best interests of B.P. The district court determined that the parents had not successfully rebutted the presumption of palpable unfitness and terminated their parental rights to B.P. The parents appealed, and we reversed, concluding that the district court had applied an incorrect standard for determining whether the parents had rebutted the presumption, and remanded for the district court to use the correct standard to address whether the parents had rebutted the presumption. *In re Welfare of Child of D.L.P.*, No. A22-1594, 2023 WL 2847355, at *4-5 (Minn. App. Apr. 10, 2023).

On remand, the district court held another evidentiary hearing, at which it heard testimony from D.L.P., J.A.P., J.A.P.'s mother and father, the social worker assigned to the case, and the GAL. The district court determined that the parents had produced sufficient evidence to rebut the presumption of palpable unfitness but determined that the county had produced clear and convincing evidence that the parents were palpably unfit to parent B.P. and terminated their parental rights to B.P. The parents moved for a new trial, and the district court denied their request.

The parents now appeal.

**DECISION**

**I.    The district court did not abuse its discretion by terminating D.L.P. and J.A.P.'s parental rights to B.P.**[2]

The parents argue that the district court abused its discretion by terminating the parental rights of the parents to B.P. for two reasons. First, they challenge the sufficiency of the district court's factual findings. Second, they argue that the district court should have believed the testimony of the parents. We address each argument in turn.

We review the factual findings from a TPR order for clear error and whether a statutory basis exists to terminate parental rights for an abuse of discretion. *In re Welfare of Child of J.K.T.*, 814 N.W.2d 76, 87 (Minn. App. 2012).

**A.    The district court made sufficient factual findings to support the termination of D.L.P. and J.A.P.'s parental rights.**

The parents argue that the district court clearly erred by relying on its factual findings from the first trial to support its TPR decision following remand. We are not persuaded.

In our previous opinion remanding this case, we directed the district court to reopen the record on remand. *D.L.P.*, 2023 WL 2847355, at *4. We quoted *In re Welfare of Child of J.A.K.*, 907 N.W.2d 241, 248 (Minn. App. 2018):

> Because any termination of parental rights must relate to
> conditions that exist at the time of termination and it must
> appear that the conditions giving rise to the termination will

---

[2] In their principal brief, the parents argued that they had presented sufficient evidence to the district court to rebut the presumption of palpable unfitness under Minn. Stat. § 260C.301, subd. 1(b)(4). All parties agree, as do we, that the district court determined that the parents had presented sufficient evidence to rebut the presumption, so we do not address that portion of the parents' argument.

4

> continue for a prolonged, indeterminate period, it will be necessary for the district court to reopen the record to allow the parties to introduce *supplemental* evidence.

*D.L.P.*, 2023 WL 2847355, at \*4 (emphasis omitted; emphasis added).

We did not prohibit the district court from relying on evidence from the first trial; rather we directed the district court to obtain *supplemental* evidence of the parents' circumstances at the time of the second trial. After determining that the parents had rebutted the presumption of palpable unfitness, the district court reviewed the evidence from the first trial, including that the child tested positive for THC at birth, and received new evidence of the circumstances of the parents at the time of the second trial. The district court expressly "incorporated . . . by reference" the order from the first trial. We conclude that the district court did not clearly err by relying on evidence from the first trial in its order from the second trial.

**B.    We defer to the district court's credibility determinations.**

The parents argue that, after remand, the district court "did not believe the parents' testimony," and "[h]ad it credited their testimony, the finding of palpable unfitness could not have stood." We are not persuaded.

The parents cite to caselaw that states that "the [district] court . . . cannot disregard the positive testimony of an unimpeached witness unless and until its probability or inconsistency furnishes a reasonable ground for so doing." *O'Leary v. Wangensteen*, 221 N.W. 430, 431 (Minn. 1928). A district court, however, "is not required to believe even uncontradicted testimony if there are reasonable grounds to doubt its credibility." *Gellert v. Eginton*, 770 N.W.2d 190, 196 (Minn. App. 2009), *rev. denied* (Minn. Oct. 20, 2009).

5

And appellate courts defer to the district court's credibility determination. *In re Welfare of R.T.B.*, 492 N.W.2d 1, 4 (Minn. App. 1992). Based on the entire record before the district court, as well as the district court's credibility determinations, we conclude that the district court did not abuse its discretion in determining that sufficient evidence supported palpable unfitness as a ground to terminate the parents' parental rights, particularly given the parents' continued denial that their first children had suffered physical abuse.

**II.     The district court did not abuse its discretion by not ordering the county to make reasonable efforts to rehabilitate the parents and reunite them with B.P.**

The parents argue that the district court abused its discretion by not ordering the county to make efforts to reunite them with B.P. They contend that, because we reversed the district court's first decision in which it had determined the parents had not rebutted the presumption of palpable unfitness, the county had no basis to discontinue providing rehabilitative and reunification services to the parents. We disagree.

When a county files a TPR petition, Minnesota law generally requires the district court to order the social-services organization to engage in reasonable efforts for family rehabilitation and reunification. Minn. Stat. § 260.012(a) (2022). The statute provides that these efforts are "always required *except* upon a determination by the [district] court that a petition has been filed stating a prima facie case that . . . the parental rights of the parent to another child have been terminated involuntarily." *Id.* (emphasis added).

First, the statute permits the county not to provide services upon a showing that "the parental rights of the parent to another child have been terminated involuntarily," *id.* at (a)(2), not upon a finding of "palpable unfitness" as the parents suggest. Because the

6

county provided evidence that the parental rights of the parents to the twins had been involuntarily terminated, the county did not need to provide rehabilitative or reunification services.

Moreover, after our reversal and remand, the presumption of palpable unfitness still applied. Our reversal and remand did not alter the factual determination that the parents had previously had their parental rights involuntarily terminated. Even though we required the district court to reevaluate the presumption of palpable unfitness, *D.L.P.*, 2023 WL 2847355, at *4, it remained true then, as it does today, that the prior termination occurred. Thus, even with the intervening reversal and remand, the county did not need to provide rehabilitative or reunification services to the parents.

Finally, the parents argue that the mere fact that the county did not have to provide services did not prohibit the district court from ordering rehabilitative or reunification services. Although it is true that the district court was not prohibited from ordering services, we discern no abuse of discretion in the district court's decision not to require services that are not required by statute, particularly given that the parents did not consistently avail themselves of the drug-testing services the county provided them while the TPR petition was pending. And we note that the record does not contain evidence that the parents requested any services from the county. We conclude that the district court did not abuse its discretion by not ordering services that were not statutorily required.

**Affirmed.**

7